UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVERY PARKER,

    Petitioner,                              Civil No. 2:14-CV-14532
                                                   HONORABLE GERALD E. ROSEN
v.                                             CHIEF UNITED STATES DISTRICT JUDGE

THOMAS WINN,

    Respondent,
_____/

### OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE.

Avery Parker, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree criminal sexual conduct, M.C.L.A. 750.520b, unlawful imprisonment, M.C.L.A. 750.349b; fourth-degree criminal sexual conduct, M.C.L.A. 750.520e; aggravated domestic violence, M.C.L.A. 750.81a(2), and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent filed a motion to dismiss, on the grounds that the petition contains claims that have not been exhausted with the state courts. For the reasons stated below, in *lieu* of dismissing the petition, the Court holds the petition in abeyance and stays the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

### I. Background

Petitioner was convicted following a jury trial in the Crawford County Circuit Court.

1

Petitioner's conviction was affirmed on direct appeal. *People v. Parker,* No. 308224, 2013 WL 1689278 (Mich.Ct.App. April 18, 2013); *lv. den.* 495 Mich. 899, 839 N.W.2d 210 (2013).

Petitioner filed what amounts to a "letter" petition for writ of habeas corpus. Petitioner does not specifically number or delineate his claims, but respondent, in her motion to dismiss, has listed petitioner's claims as follows:

> I. Ineffective assistance of appellate counsel for not requesting that petitioner argue his case in person.
>
> II. Prosecutor presented improper facts.
>
> III. Petitioner did not receive the entire discovery packet, only identifying Dr. Slater's report and "half" of the witness statements.
>
> IV. Ineffective assistance of trial counsel regarding discussions of speedy trial waiver and plea offer.
>
> V. The trial court denied his motion for a change of venue, and the prosecutor and sheriff contacted the media for state-wide coverage.
>
> VI. The prosecutor dropped three of the first-degree CSC counts in the jury's presence.
>
> VII. The prosecutor presented pictures of the victim's bruises and the damage in the house.
>
> VIII. The prosecutor and trial counsel pushed him to give up his right to a speedy trial.
>
> IX. The prosecutor mentioned multiple times that the victim was beat in the head and face, bolstered or vouched for witness credibility, and the victim and other witnesses lied.
>
> X. The petitioner never had sex with the victim, the prosecutor used a lesser included cognate offense, and if the victim was lifted up, then there would have been scratches because the petitioner has long fingernails.

## II. Discussion

The petition is subject to dismissal, because petitioner has yet to exhaust most of his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

The only claim that petitioner appeared to raise on his appeal of right before the Michigan Court of Appeals was a portion of his claim involving the failure to obtain discovery. Although petitioner raised an ineffective assistance of trial counsel claim on his direct appeal, it involved trial counsel's alleged ineffectiveness in failing to object to improper opinion testimony from the expert witness and in failing to object to the references to petitioner's exercise of his right to remain silent. These are different than the ineffective

assistance of counsel claims raised by petitioner in his current habeas petition. A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990). Because petitioner's ineffective assistance of counsel claims are different than the ineffective assistance of counsel claims presented during petitioner's direct appeals process, these claims has not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007).

In addition, although it appears that petitioner may have attempted to raise some of his claims in his application for leave to appeal to the Michigan Supreme Court or in the attachments that he sent to that court, this would be insufficient to exhaust these claims for habeas review. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present all but a portion of his discovery claim on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of any of his other claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006).

Finally, it does not appear that petitioner ever attempted to raise the allegations contained in his fourth, fifth, sixth, eighth, or tenth claims with either appellate court.

The Court's only concern in dismissing the current petition involves the possibility

that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F. 3d at 419. Further, petitioner asserts that he did not properly raise at least some of these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Petitioner also has good cause for failing to raise his ineffective assistance of appellate counsel claims earlier because state post-conviction review would be the first opportunity that he would have to raise these claims in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this

Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of the Court's order and returning to federal court within thirty days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano,* 300 F. 3d 717, 718 (6th Cir. 2002).

Petitioner can exhaust these claims by filing a post-conviction motion for relief from judgment with the Crawford County Circuit Court under under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Finally, the Court will direct petitioner to re-file an amended habeas petition at the time he moves to reopen his habeas petition that conforms with the applicable court rules. Rules Governing § 2254 Cases, Rule 2(c), 28 U.S.C.A. foll. § 2254, contains the following requirements for a habeas petition:

(c) Form.

The petition must:

    (1) specify all the grounds for relief available to the petitioner;

    (2) state the facts supporting each ground;

    (3) state the relief requested;

    (4) be printed, typewritten, or legibly handwritten; and

    (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

(d) Standard Form.

    The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge. [1]

### III. ORDER

Accordingly, for the reasons stated, the Court holds the petition in abeyance and **STAYS** this action so that petitioner can exhaust state court remedies as to his federal claims. The stay is conditioned on petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d at 781. The amended petition shall conform to the requirements of Rule 2(c) and (d) of the Rules Governing Habeas Petitions. Should petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this

---

[1] The form petitions for writ of habeas corpus can be obtained by petitioner at www.mied.uscourts.gov/PDFFIles/AO_241_AppHabeas2254.pdf. or by writing the Clerk of the Court at 231 West Lafayette Boulevard, Detroit, Michigan 48226.

order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002)

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  July 20, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2015, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135